815 F.2d 706
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tandy Renee THOMPSON, Defendant-Appellant.
 No. 86-1428
 United States Court of Appeals, Sixth Circuit.
 Mar. 5, 1987.
 
 Before KENNEDY, JONES, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Tandy Renee Thompson appeals his conviction on one count of making a false statement in order to acquire a firearm [18 U.S.C. Sec. 922(a)(6) ]. He asserts that the trial court erred in allowing the eyewitness identification testimony of a witness, when the reliability of his identification was tainted by an impermissibly suggestive in-prison confrontation. He also contends that the court erred by permitting the government to utilize, as demonstrative evidence, an Uzi semi-automatic weapon similar to the one allegedly purchased by him. Because appellant failed to demonstrate either: (1) that the identification was impermissibly suggestive and in the totality of circumstances unreliable; or (2) that the trial judge abused his discretion in admitting the weapon as an illustrative exhibit, we affirm.
 
 
 2
 Analysis of a due process claim based upon an allegedly tainted identification involves several steps. The court must consider whether the questioned procedure was necessary, and, if so, if it was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. If the court determines that the pretrial identification procedure was suggestive, then, it must consider the reliability of the identification under the totality of the circumstances. See Simmons v. United States, 390 U.S. 377 (1968). Factors to be considered in evaluating the reliability of the identification under the totality of the circumstances include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. Neil v. Biggers, 409 U.S. 188, 199 (1972); United States v. Russell, 532 F.2d 1063, 1067 (6th Cir.1976).
 
 
 3
 Where, as here, the witness is a trained law enforcement officer, there is no reason to presume that the absence of a line-up will lead to misidentification. See United States v. Bagley, 772 F.2d 482, 494 (9th Cir.1985), cert. denied, 106 S.Ct. 1215 (1986). Even if we were to conclude that the procedure was impermissibly suggestive, there is ample evidence to support the district court's determination that, when considering the factors listed above, the Secret Service agent's identification was reliable because of the nature of his earlier, independent observation of the criminal.
 
 
 4
 Thompson claims that the only purpose served by introduction of the Uzi semi-automatic weapon similar to one that was purchased, was to create an adverse emotional reaction by the jury as to the dangerousness of the weapon. Because the trial judge has broad discretion to admit demonstrative evidence if it is relevant and useful to the jury, we find appellant's contention as to this second issue to be without merit in that, it was made clear to the jury that the weapon being used was for illustrative purposes only.
 
 
 5
 The judgment of the district court is affirmed.